```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

---------------------------------x
FEDERAL HOUSING FINANCE AGENCY,   :
AS CONSERVATOR FOR THE FEDERAL    :
NATIONAL MORTGAGE ASSOCIATION     :
AND THE FEDERAL HOME LOAN         :
MORTGAGE CORPORATION,             :
                                  :
             Plaintiff,           :
                                  :
v.                                :   Civ. No. 3:11-cv-01383(AWT)
                                  :
THE ROYAL BANK OF SCOTLAND        :
GROUP PLC, *et al.*,              :
                                  :
             Defendants.          :
---------------------------------x

## ORDER RE MOTION TO COMMENCE DISCOVERY

The plaintiff, Federal Housing Finance Agency ("FHFA"), brought this action as conservator for the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac"), against Royal Bank of Scotland Group PLC, RBS Holdings USA, Inc., RBS Securities, Inc., RBS Financial Products, Inc., RBS Acceptance, Inc., Financial Asset Securities Corp., Joseph N. Walsh, Carol P. Mathis, Robert J. McGinnis, John C. Anderson, and James M. Esposito, alleging, inter alia, violations of the federal securities laws.  On December 2, 2011, the defendants moved to dismiss the complaint, and on March 2, 2012 they moved to dismiss the plaintiff's amended complaint.

The Private Securities Litigation Reform Act ("PSLRA")

provides that: "In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss. . . ."  15 U.S.C. § 78u-4(b)(3)(B).  The parties disagree as to whether this provision applies to this action, and the plaintiff has filed a motion to commence discovery.  The defendants contend that the PSLRA's automatic stay applies here because the plaintiff is bringing private causes of action under the federal securities laws, and is prosecuting this action as conservator for Fannie Mae and Freddie Mac, which are private corporations rather than government actors.  In the alternative, the defendants argue that even if the automatic stay of discovery under the PSLRA did not apply to this case, a stay should be granted under Federal Rule of Civil Procedure 26(c).

For the reasons set forth below, the motion is being granted.

**Factual Background**

Fannie Mae was established in 1938 as a federal agency and was converted into a private corporation in 1968.  Freddie Mac was created as an alternative to Fannie Mae to make the secondary mortgage market more competitive and efficient.  "Both firms are structured as private corporations, but they are federally chartered and play an important role in the national housing market by making it easier for home buyers to obtain loans."

Judicial Watch, Inc. v. Fed. Hous. Fin. Agency, 646 F.3d 924, 926 (D.C. Cir. 2011).

In July 2008, in response to the crisis in the housing and mortgage market, Congress passed the Housing and Economic Recovery Act of 2008 ("HERA"), creating the FHFA.  See Pub. L. No. 110-289 § 1101, 122 Stat. 2654 (codified at 12 U.S.C. § 4511).  The HERA granted the director of the FHFA conditional authority to place regulated entities, including Fannie Mae and Freddie Mac, into conservatorship and/or receivership "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs."  12 U.S.C. § 4617(a); see also id. § 4616.  On September 6, 2008, the Director of the FHFA placed Fannie Mae and Freddie Mac under the FHFA's temporary conservatorship with the objective of stabilizing the institutions so they could return to their normal business operations.  In its capacity as conservator of a regulated entity, the FHFA has "all rights, titles, powers, and privileges of the regulated entity, and of any stockholder, officer or director of such regulated entity with respect to the regulated entity and the assets of the regulated entity."  12 U.S.C. § 4617(b)(2)(A)(i).

HERA included an explicit limitation the ability of courts to review actions of FHFA in its capacity as conservator: "[N]o court may take any action to restrain or affect the exercise of powers or functions of the Agency as a conservator or a

receiver." 12 U.S.C. § 4617(f). See also Kuriakose v. Fed. Hous. Loan Mortg. Co., 674 F. Supp. 2d 483, 493 (S.D.N.Y. 2009) ("The court lacks jurisdiction to adjudicate matters which may restrict the FHFA's ability to exercise these powers.").

**This Action is Not a Private Action Under the PSLRA**

The PSLRA provides that "[i]n any *private action* arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, . . . ." (emphasis added). 15 U.S.C. § 78u-4(b)(3)(B). Congress enacted the PSLRA to address "a perceived need to deter strike suits wherein opportunistic private plaintiffs file securities fraud claims of dubious merit in order to exact large settlement recoveries." Novak v. Kasaks, 216 F.3d 300, 306 (2d Cir. 2000). In Congress's view, such actions "unnecessarily increase the cost of raising capital and chill corporate disclosure." S. Rep., 104-98 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 683. Congress also enacted the PSLRA after "identif[ying] ways in which the class-action device was being used to injure 'the entire U.S. economy.'" Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit, 547 U.S. 71, 81 (2006) (quoting H.R. Rep. No. 104-369 (1995), at 31). "In response to perceived abuse of the class action device in litigation involving nationally traded securities, Congress enacted the Private Securities Litigation Reform Act ('PSLRA'), 15 U.S.C. §§ 77z-1; 78u-4." Backus v. Connecticut Cmty. Bank,

N.A., Civ. No. 3:09-CV-1256, 2009 WL 5184360 (D. Conn. Dec. 23, 2009).

The plaintiff observes, correctly, that these concerns are not implicated here.  In this case, the plaintiff is a government agency, not a private party, and this is not a class action.  Rather, FHFA is bringing this action pursuant to its Congressional authorization under HERA to pursue claims as conservator for Fannie Mae and Freddie Mac.  Therefore, the concerns motivating Congress in enacting the PSLRA are not present here.

The defendants contend that, nonetheless, FHFA has brought a "private action" under the PSLRA because the FHFA has asserted "private causes of action" under the Securities Act.  However, courts have refused to apply the PSLRA to causes of action that are available to private plaintiffs in cases where the suit was filed by the SEC.  See In re Reserve Fund Sec. & Derivative Litig., 732 F. Supp. 2d 310, 317-19 (S.D.N.Y. 2010) (holding that when the SEC brought suit under Section 10(b) and Rule 10b-5, the PSLRA did not apply to the action); Sec. & Exch. Comm'n v. Pentagon Capital Mgmt. PLC, 612 F. Supp. 2d 241, 263-64 (S.D.N.Y. 2009) (same).  Like the SEC, the FHFA is an independent federal agency. See 12 U.S.C. § 4511(a) (providing that the FHFA is an

"independent agency of the Federal Government").[1]

The holdings in these cases reinforces the conclusion, suggested by discussion in numerous other cases, that the material distinction for purposes of determining whether an action is a "private action" under the PSLRA is the nature of the plaintiff, not the nature of the causes of action.  In Tellabs, Inc. v. Makor Issues & Rights, Ltd., a case decided after the enactment of the PSLRA, the Court noted: "This Court has long recognized that meritorious private actions to enforce federal antifraud securities laws are an essential supplement to criminal prosecutions and civil enforcement actions brought, respectively, by the Department of Justice and the Securities and Exchange

---

[1] See also, e.g., Nevada v. Countrywide Home Loans Servicing, LP, No. 3:10-cv-419-RCJ-PAL, 2011 WL 4356507, at *5 (D. Nev. Sept. 16, 2011) ("[T]he Court finds that the Federal Housing Finance Agency ('FHF') is an independent agency of the federal government who has authority over Fannie Mae."); Leon Cnty., Florida v. Fed. Hous. Fin. Agency, Case No. 4:10CV436-RH/WCS, 2011 WL 4620866, at *1 (N.D. Fla. Sept. 30, 2011) ("The Federal Housing Finance Agency ('FHFA') is a federal agency that has duties both as a regulator, and, since 2008, as the conservator of the Federal National Mortgage Association Corporation ('Fannie Mae') and Federal Home Loan Mortgage Corporation ('Freddie Mac')"); In re Fannie Mae 2008 Securities Litigation, Nos. 08 Civ. 7831(PAC), 09 Civ. 1352(PAC), 2009 WL 4067266, at *1 (S.D.N.Y. Nov. 24, 2009) ("FHFA is an agency of the United States Government and acts as the conservator for Fannie Mae."); Williams v. Timothy F. Geithner, Civil No. 09-1959 ADM/JJG, 2009 WL 3757380, at *3 (D. Minn. Nov. 9, 2009) ("FHFA is a federal agency that supervises and regulates housing finance and also serves as the Conservator for Fannie Mae and Freddie Mac."); In re Fed. Home Loan Mortg. Corp. Derivative Litig., 643 F. Supp. 2d 790, 791 (E.D.Va. 2009) (describing FHFA as "the federal agency acting as conservator of Freddie Mac pursuant to the Housing and Economic Recovery Act of 2008").

Commission (SEC)."  551 U.S. 308, 313 (2007).  This was not a new distinction.  See Bateman Eichler, Hill Richards, Inc. v. Berner, 472 U.S. 299, 310 (1985) ("[W]e repeatedly have emphasized that implied private actions provide 'a most effective weapon in the enforcement' of the securities laws and are 'a necessary supplement to Commission action.'") (quoting J.I. Case Co. v. Borak, 377 U.S. 426, 432 (1964)); Aaron v. Sec. & Exch. Comm'n, 446 U.S. 680, 718, n.9 (1980) (Blackmun, J, concurring in part and dissenting in part) ("In reliance on the different purposes of Commission enforcement proceedings and private actions, Congress enacted § 21(g) of the Act, §  15 U.S.C. 78u(g), which provides that, absent consent from the Commission, private actions may not be consolidated with Commission proceedings."); Parklane Hosiery Co. v. Shore, 439 U.S. 322, 337 n.24 (1979) ("The Securities Exchange Act of 1934 provides for prompt enforcement actions by the SEC unhindered by parallel private actions.  15 U.S.C. § 78u(g)."); Chris-Craft Indus., Inc. v. Piper Aircraft Corp., 480 F.2d 341, 356 (2d Cir. 1973) ("In J.I. Case Co. v. Borak, 377 U.S. 426 (1964), the Supreme Court emphasized that private actions provide 'a necessary supplement to Commission action' and that 'the possibility of civil damages or injunctive relief serves as a most effective weapon in the enforcement' of the securities laws.") (quoting Borak, 377 U.S. at 432); Sec. & Exch. Comm'n v. Texas Gulf Sulphur Co., 401 F.2d

833, 854 (2d Cir. 1968) ("[W]hether the case before us is treated solely as an SEC enforcement proceeding or as a private action, proof of a specific intent to defraud is unnecessary.") (footnote omitted).

Also, in SEC v. Prater, which was an enforcement action, the court concluded that "[s]ince actions brought by the SEC are not considered 'private litigation,' the standard imposed in the PSLRA for pleading scienter does not apply to the SEC." 296 F. Supp. 2d 210, 215 (D. Conn. 2003). The court observed that "the securities laws apply differently to the SEC than they do to a private plaintiff, because Congress designated the SEC as 'the primary enforcement agency for the securities laws.'" Id. (quoting Sec. & Exch. Comm'n v. Rana Research, 8 F.3d 1358, 1364 (9th Cir. 1993)). Other courts in the Second Circuit have reached the same conclusion. See, e.g., In re Reserve Fund. Sec. & Derivative Litig., 732 F. Supp. 2d 310, 318 (S.D.N.Y. 2010) ("The PSLRA applies only to private actions, not to actions filed by the Commission."); Sec. & Exch. Comm'n v. Pentagon Capital Mgmt. PLC, 612 F. Supp. 2d 241, 263-64 (S.D.N.Y. 2009) ("By the terms of the PSLRA, its heightened pleading standard does not apply to actions brought by the SEC."); Sec. & Exch. Comm'n v. Dunn, 587 F. Supp. 2d 486, 501 (S.D.N.Y. 2008) ("Any argument that Congress intended to apply the provisions of the PSLRA to SEC enforcement actions ignores the statute's plain language.").

The conclusion that the material factor is the nature of the plaintiff, and not the nature of the cause of action, is consistent with the fact that during the period since the HERA established the FHFA, courts have noted how the HERA afforded the FHFA with several tools unavailable to private litigants.  For example, "Congress explicitly provided a taxation exemption to the FHFA when acting as conservator. . . . Congress also exempted the FHFA, when acting as a conservator, from any penalties and fines."  Nevada v. Countrywide Home Loan Servicing, LP, No. 3:10-cv-419-RCJ-PAL, 2011 WL 4356507, at *5 (D. Nev. Sept. 16, 2011).  See also 12 U.S.C. § 4617(f) ("[N]o court may take any action to restrain or affect the exercise of powers or functions of the Agency as a conservator or a receiver."); Nevada v. Countrywide Home Loans Servicing, LP, No. 3:10-cv-419-RCJ-PAL, 2011 WL 484298, at *3 (D. Nev. Feb. 4, 2011) ("[T]he court finds that FHFA, as conservator for Fannie Mae and as an intervenor in this case, is a federal agency with the right to remove.").

The defendants also argue, relying on O'Melveney & Myers v. Fed. Deposit Ins. Corp., 512 U.S. 79, 85 (1994) (in case where FDIC sued as receiver, the Court noted that "the FDIC is not the United States, and even if it were we would be begging the question to assume that it was asserting its own rights rather than, as receiver, the rights of [the regulated entity]."), that "[w]hen a federal agency files suit in its capacity as

-9-

conservator or receiver of a regulated entity, it steps into the regulated entity's shoes."  (Defs.' Mem. Opp'n Pl.'s Mot. to Commence Disc. (Doc. No. 31), 13.)  However, the fact that a federal agency has stepped into the shoes of a person who would be a private plaintiff does not convert the federal agency into a private plaintiff and the action into a "private action."  It simply makes it a federal agency standing in the shoes of a person who would be a private plaintiff.  This conclusion is supported by the fact that courts have treated federal agencies acting in their capacities as receivers or conservators differently from private litigants.  See, e.g., Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 483 (1994) (holding that the FDIC and its statutory predecessor could only be sued because they had "waive[d] the agency's sovereign immunity"); Stevens v. Fed. Deposit Ins. Corp., No. 11-CV-00841, 2011 WL 3925087, at *3 n.3 (C.D. Cal. Aug. 25, 2011) ("This court disagrees with plaintiff's assertion that this immunity waiver makes FDIC something other than a bona fide agency of the United States; indeed, if it were not a bona fide government agency, no waiver of immunity would have been required.  Although 'the FDIC as receiver 'steps into the shoes' of the failed' bank, this does not make the FDIC as a whole any less a government agency.") (quoting O'Melveny, 512 U.S. at 86).

   Therefore, the court concludes that FHFA's suit here is not

a "private action" under the PSLRA.

**The Defendants Have Not Met Their Burden Under Rule 26(c)**

In the alternative, the defendants argue that even if the automatic stay of discovery under the PSLRA did not apply to this case, a stay should be granted under Federal Rule of Civil Procedure 26(c).  Under Rule 26(c), "the party seeking a protective order has the burden of showing that good cause exists for issuance of that order," Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004) (quotation marks omitted), a burden that requires "a strong showing." Moss v. Hollis, CIV. No. B-90-177 (PCD), 1990 WL 138531, at *1 (D. Conn. June 29, 1990).  "The pendency of a dispositive motion is not, in itself, an automatic ground for a stay." Morien v. Munich Reinsurance Am., Inc., 270 F.R.D. 65, 67 (D. Conn. 2010).  The court considers several factors when determining whether a stay of discovery is appropriate: "1. Whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2. The breadth of discovery and the burden of responding to it; and 3. The risk of unfair prejudice to the party opposing the stay." Morien, 270 F.R.D. at 67.

After a review of all of the papers in this case, the court concludes that the defendants have not met their burden with respect to a stay of discovery for substantially the reasons set forth by the plaintiff at pages 9 and 10 of its reply memorandum.

-11-

(See Reply Mem. Supp. Pl.'s Mot. to Commence Disc. Pursuant to Rule 26 of the Fed. R. Civ. P. (Doc. No. 34), 9-10.)  Therefore, the court declines to order a stay under Fed. R. Civ. P. 26(c).

**Conclusion**

Based on the foregoing, the Plaintiff's Motion to Commence Discovery Pursuant to Rule 26 of the Federal Rules of Civil Procedure (Doc. No. 25) is hereby GRANTED.

The parties shall promptly make their initial disclosures and have a status conference with the court's parajudicial officer.

It is so ordered.

Dated this 17th day of August 2012 at Hartford, Connecticut.

                                        /s/
                                Alvin W. Thompson
                             United States District Judge