IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND THE FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>                    Plaintiff,<br><br>                -against-<br><br>THE ROYAL BANK OF SCOTLAND GROUP PLC; RBS HOLDINGS USA INC.; RBS SECURITIES INC. (f/k/a GREENWICH CAPITAL MARKETS, INC.); RBS FINANCIAL PRODUCTS INC. (f/k/a GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.), RBS ACCEPTANCE INC. (f/k/a GREENWICH CAPITAL ACCEPTANCE, INC.); FINANCIAL ASSET SECURITIES CORP.; JOSEPH N. WALSH III; CAROL P. MATHIS; ROBERT J. MCGINNIS; JOHN C. ANDERSON; and JAMES M. ESPOSITO,<br><br>                    Defendants. | Case No. 3:11-cv-01383-AWT<br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANTS' PRELIMINARY RESPONSE TO FHFA'S MOTION FOR PROTECTIVE ORDER**

WIGGIN AND DANA LLP
One CityPlace
185 Asylum Street
Hartford, CT 06103

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017

*Attorneys for Defendants*

Defendants in the above-captioned action (collectively, "RBS") submit this preliminary response to the Motion For Protective Order filed on December 19, 2013 by Plaintiff Federal Housing Finance Agency ("FHFA") (Dkt. # 250), in which FHFA refers to a two-page letter of the same date to this Court and to Judge Cote.[1]  RBS intends to respond in full to FHFA's motion by the opposition deadline entered on the docket of this case, January 9, 2014, but is submitting this preliminary response in light of the unusual nature and the improper letter format of FHFA's request, to ensure that this Court is apprised of RBS's intention to oppose the motion and its reasons for doing so.[2]

FHFA's motion seeks a blanket ruling precluding the RBS Defendants from using in summary judgment motions and at the trial of this action certain documents relating to Fannie Mae's and Freddie Mac's "Single Family" businesses that FHFA is producing in the *FHFA v. Countrywide* action pending before Judge Pfaelzer in the Central District of California.  RBS Securities Inc. is among the defendants in the *Countrywide* action, and the protective order in that case expressly permits RBS to use in the action before this Court any documents produced by FHFA in the *Countrywide* action.  FHFA seeks a blanket *in limine* order of preclusion preventing RBS from citing to or otherwise referencing any of these documents in summary judgment motions or at trial.  FHFA makes this letter request without sharing with this Court any of the documents it seeks to preclude RBS from using, and, indeed, before FHFA has even completed its production.  FHFA's letter request for preclusion must be denied for numerous reasons, which RBS will detail in its opposition.

---

[1]     A separate response will be submitted to Judge Cote.

[2]     The Court has previously advised FHFA that applications should be made by motion, and not by letter.  *FHFA v. RBS et al.*, 11-cv-1383 (AWT), Hr'g Tr. at 4-5 (D. Conn. Feb. 8, 2013).

To the extent FHFA objects to any documents or other evidence cited by RBS in connection with a summary judgment motion, it will have every opportunity to raise that objection in the context of the specific document and the specific motion pursuant to Fed. R. Civ. P. 56 and the Federal Rules of Evidence. Likewise, to the extent RBS seeks to use at trial documents that FHFA contends are inadmissible, it can raise such objections in the context of the particular document and the purposes for which it is offered. There is no basis for a blanket order of preclusion—sight unseen—of unidentified documents that are business records of a party-opponent, without any context, and before FHFA has even completed its production of the documents. *See Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135 (S.D.N.Y. 2003) (denying defendants' motion *in limine* because "no certain forecasted evidence presents itself"); *see also Wechsler v. Hunt Health Sys., Ltd.*, No. 94 Civ. 8294(PKL), 2003 WL 21998985, at **2-3 (S.D.N.Y. Aug. 22, 2003) (finding that defendants' motion to exclude was premature where plaintiff had not yet sought to offer evidence and where court was "ill-equipped to make a determination regarding . . . authenticity"); *Babcock v. Rezak*, No. 96-CV-0394E(SC), 2002 WL 31654995 (W.D.N.Y. Nov. 6, 2002) (finding that plaintiff's motion *in limine* to preclude defendant from offering evidence related to qualified immunity claim was premature where defendant had not yet sought to offer such evidence at trial). Not surprisingly, FHFA fails to cite any authority for its request.

FHFA's contention that it would be burdensome for FHFA to "analyze and contextualize" its own documents is baseless. First, burden is not a basis for precluding a party from using documents in summary judgment motions or at trial, let alone documents produced by the plaintiff during discovery in a related proceeding pursuant to a protective order that

2

explicitly permits the use of the documents in this action.[3] *See MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*, No. 09 Civ. 3255, 2012 WL 2568972, at *9 (S.D.N.Y. July 3, 2012) ("'Relevant evidence is admissible' unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the United States Supreme Court provide otherwise." (citation omitted)); *see also* Fed. R. Evid. 403 (allowing the exclusion of evidence on the grounds of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence).

        Moreover, these are FHFA's and the GSEs' *own* documents. To the extent there is any burden associated with "analyzing and contextualizing" the documents, it is RBS and not FHFA that will shoulder most of that burden.[4] Whatever burden FHFA will incur to "analyze and contextualize" these documents is a burden FHFA is already undertaking in the *Countrywide* action; it will require no additional burden for it to analyze the very same documents for purposes of this case, and indeed FHFA is represented by the same legal team in both actions. Further, FHFA's suggestion that it needs to "analyze and contextualize" millions of documents is misplaced for the additional reason that the only documents it will need to "analyze and contextualize" are those that are sufficiently relevant and probative that they are offered in support of summary judgment or at trial. Whatever marginal additional burden may hypothetically exist to review and respond to those documents at the appropriate time is

---

[3]   *Cf.* Fed. R. Civ. P. 26(b) (noting in the context of motion to limit *discovery* that alleged burden of discovery must be weighed against the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues).

[4]   FHFA's burden arguments are particularly misplaced given the extensive resources of FHFA, an agency of the United States government, with two large law firms and teams of lawyers assisting it (along with the GSEs themselves).

outweighed by the fact that FHFA seeks *billions of dollars* in damages from RBS.  In any event, even if FHFA's burden arguments had any merit (and they do not), as noted above, there is no legal basis for the Court to preclude the use of documents in summary judgment, at trial or otherwise, on the basis of supposed burden.

RBS is today filing a motion seeking entry in this action of the same order that Judge Pfaelzer recently entered in the *Countrywide* action, to ensure that FHFA makes its production to RBS as required and so this Court can enforce the Order if FHFA fails to do so.  RBS's motion also seeks additional documents of the same kind ordered produced in the *Countrywide* action, relating to originators whose loans are at issue in this action but are not at issue in *Countrywide*.  That motion is supported by the record and with citations to appropriate authorities.  FHFA may, of course, respond to that motion.  FHFA's request to preclude the use of such documents in summary judgment motions and at the trial of this action, via a highly unusual and premature letter request, should be summarily denied.  Any objections FHFA has to the production of the documents should be raised in its opposition to RBS's motion to compel, and any attempt by FHFA to preclude RBS from using at summary judgment or trial any documents produced in this case should be addressed in the context of summary judgment and trial.

Accordingly, for these reasons and those that RBS will set forth in its opposition, FHFA's letter request that this Court issue an order of preclusion regarding documents that have not been presented to the Court and that for the most part have not been produced yet, should be denied.


Dated: December 20, 2013
          New York, New York

Respectfully submitted,

      /s/ Timothy A. Diemand      
Timothy A. Diemand (ct18075)
Joseph M. Gillis (ct27665)
WIGGIN AND DANA LLP
One CityPlace
185 Asylum Street
Hartford, CT 06103
Telephone: (860) 297-3700
Facsimile: (860) 525-9380
tdiemand@wiggin.com
jgillis@wiggin.com

Thomas C. Rice (*pro hac vice*)
David J. Woll (*pro hac vice*)
Alan Turner (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
trice@stblaw.com
dwoll@stblaw.com
aturner@stblaw.com

*Attorneys for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2013, a copy of the foregoing Defendants' Preliminary Response to FHFA's Motion for Protective Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                /s/ Timothy A. Diemand
              Timothy A. Diemand (ct18075)
              WIGGIN AND DANA LLP
              One CityPlace
              185 Asylum Street
              Hartford, CT 06103
              Telephone: (860) 297-3700
              Facsimile: (860) 525-9380
              tdiemand@wiggin.com