# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FEDERAL HOUSING FINANCE AGENCY,
AS CONSERVATOR FOR THE FEDERAL
NATIONAL MORTGAGE ASSOCIATION
AND THE FEDERAL HOME LOAN
MORTGAGE CORPORATION,

                 Plaintiff,

       -against-

THE ROYAL BANK OF SCOTLAND
GROUP PLC; RBS HOLDINGS USA INC.;
RBS SECURITIES INC. (f/k/a GREENWICH
CAPITAL MARKETS, INC.); RBS
FINANCIAL PRODUCTS INC. (f/k/a
GREENWICH CAPITAL FINANCIAL
PRODUCTS, INC.); RBS ACCEPTANCE
INC. (f/k/a GREENWICH CAPITAL
ACCEPTANCE, INC.); FINANCIAL ASSET
SECURITIES CORP.; JOSEPH N. WALSH
III; CAROL P. MATHIS; ROBERT J.
MCGINNIS; JOHN C. ANDERSON; and
JAMES M. ESPOSITO,

                 Defendants.

Case No. 3:11-cv-01383-AWT

ORAL ARGUMENT REQUESTED

**REDACTED**

## DEFENDANTS' OPPOSITION TO FHFA'S MOTION FOR PROTECTIVE ORDER

WIGGIN AND DANA LLP
One CityPlace
185 Asylum Street
Hartford, CT 06103

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017

*Attorneys for Defendants*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................. 1

BACKGROUND .................................................................................................... 3

    A.    FHFA Is Ordered To Produce Single Family Documents In The *Countrywide* Action ........................................................................ 3

    B.    The RBS Defendants Move To Compel FHFA To Produce Single Family Documents In This Action .................................................... 5

    C.    FHFA Is Slow To Produce Single Family Documents In *Countrywide* ............................................................................... 6

    D.    FHFA Moves To Preclude The RBS Defendants From Using In This Action Any Single Family Documents Produced In The *Countrywide* Action ........................................................................ 7

ARGUMENT ....................................................................................................... 8

    I.    FHFA's MOTION TO PRECLUDE THE RBS DEFENDANTS FROM USING IN DISCOVERY SINGLE FAMILY DOCUMENTS PRODUCED IN THE *COUNTRYWIDE* ACTION LACKS ANY PROPER LEGAL BASIS ................................................................. 8

        A.    FHFA Has Not Supported Its Assertions That Using The *Countrywide* Single Family Documents In Discovery Will Cause FHFA Undue Burden. ................................................... 8

        B.    Use Of The *Countrywide* Single Family Documents Should Not Affect Discovery Deadlines. .................................................. 10

        C.    The Single Family Documents FHFA Will Be Producing Are Expected To Be Highly Relevant To The Claims And Defenses In This Action ............................................................. 10

    II.    THE COURT CANNOT PREEMPTIVELY PRECLUDE THE RBS DEFENDANTS FROM USING SINGLE FAMILY DOCUMENTS IN SUMMARY JUDGMENT MOTIONS AND AT TRIAL .................................. 14

        A.    The Court Cannot Preemptively Bar Use Of Single Family Documents In Summary Judgment Motions ............................. 14

        B.    *In Limine* Rulings On The Admissibility Of Single Family Documents At Trial Cannot Be Made Prior To The Production Of Such Documents ................................................. 15

CONCLUSION..................................................................................................................... 17

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Babcock v. Rezak*, No. 96-CV-0394E(SC), 2002 WL 31654995
(W.D.N.Y. Nov. 6, 2002) .......................................................................................... 16

*Cannistraci v. Kirsopp*, No. 1:10-cv-980(MAD/DRH), 2012 WL
2089687 (N.D.N.Y. June 8, 2012) ............................................................................ 16

*George v. Equifax Mortg. Servs.*, 375 Fed. App'x 74 (2d Cir. 2010) ............................ 11

*In re Initial Public Offerings Sec. Litig.*, 471 F.3d 24 (2d Cir.
2006) ......................................................................................................................... 11

*In re Parmalat Sec. Litig.*, 258 F.R.D. 236 (S.D.N.Y. 2009) ......................................... 8

*Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D.
Conn. 2006) ............................................................................................................... 9

*Medallic Art Co. Ltd. v. Novus Mktg., Inc.*, 99 CIV. 502 (NRB),
2004 WL 396046 (S.D.N.Y. Mar. 2, 2004) .............................................................. 16

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co.
Grp.*, 937 F. Supp. 276 (S.D.N.Y. 1996) ................................................................. 16

*Newport Elec., Inc. v. Newport Corp.,* 157 F. Supp. 2d 202 (D.
Conn. 2001) ............................................................................................................... 15

*Palmieri v. Defaria*, 88 F.3d 136 (2d Cir. 1996) ......................................................... 15

*United States v. Persico,* 447 F. Supp. 2d 213 (E.D.N.Y. 2006) ................................. 16

*Wanamaker v. Town of Westport Bd. of Educ.*, No. 3:11cv1791
(MPS)(WIG), 2013 WL 3816592 (D. Conn. July 22, 2013) .................................... 14

*Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135 (S.D.N.Y.
2003) ......................................................................................................................... 16

*Ziemba v. Lynch*, No. 3:10-cv-717(SRU)(WIG), 2011 WL
4633117 (D. Conn. Oct. 4, 2011) .............................................................................. 16

**Rules**

Fed. R. Civ. P. 26(c)(1)(D) .......................................................................................... 8

Fed. R. Civ. P. 56(c)(2) ................................................................................................ 14

Fed. R. Evid. 401 .................................................................................................................... 15

## Other Authorities

8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and
   Procedure* § 2035 (3d ed. 2013) .......................................................................... 8, 15

## PRELIMINARY STATEMENT

Defendants in the above-captioned action (collectively, the "RBS Defendants") respectfully submit this opposition to FHFA's Motion For Protective Order ("Motion").  *See* Dkt. 250.[1]

In the *FHFA v. Countrywide* action pending before Judge Pfaelzer in the Central District of California, FHFA has been ordered to produce certain documents relating to Fannie Mae and Freddie Mac's "Single Family" businesses (the "Single Family Documents").  Judge Pfaelzer found that the Single Family Documents were "relevant or potentially relevant" to liability issues in that case, which in many respects mirror the issues to be litigated in this action.  RBS Securities Inc. ("RBSSI") is a defendant in the *Countrywide* action and therefore will be receiving the Single Family documents FHFA produces in that case.  Under the terms of the protective order in the *Countrywide* action, RBSSI is expressly permitted to use those documents in preparing for and conducting its defense in the instant action.  The RBS Defendants believe that the Single Family Documents will support their defenses in this action, such as by revealing the extent of Fannie Mae and Freddie Mac's knowledge of the very same underwriting practices of which FHFA complains, and whether FHFA was on notice of its claims before the relevant limitations dates.  Such documents may also bear upon questions concerning due diligence, materiality, and loss causation, among others.

Now, before FHFA has produced many of these Single Family Documents in the *Countrywide* action, FHFA seeks a blanket ruling precluding the RBS Defendants from using

---

[1]    The RBS Defendants submitted a preliminary response to FHFA's motion on December 20, 2013, the day after FHFA filed its motion.  *See* Dkt. 252.  The RBS Defendants did so due to the unusual procedural method by which FHFA brought its motion—as a letter attachment concurrently submitted to this Court and to Judge Cote in the Southern District of New York—to advise this Court of the RBS

*(footnote cont. next page)*

any of those documents in discovery in this action.[2]  FHFA's motion should be denied.  There is no basis upon which to bar the RBS Defendants from using in furtherance of discovery in this action documents that will legitimately be coming into RBSSI's possession on terms that expressly permit their use in this action.  FHFA has not even come close to satisfying the standard for entry of a protective order restricting use of such documents.

FHFA's goal is clear.  A blanket order precluding the RBS Defendants' use of such documents would hinder the RBS Defendants' ability to develop the factual record with respect to the various claims and defenses that the Single Family Documents bear upon, including, for example, by using the Single Family Documents to (i) ask questions of third party deponents, such as originators who interacted with the GSEs' Single Family businesses, (ii) seek further documents from FHFA and third parties relating to such issues, and (iii) potentially seek additional depositions of GSE witnesses who the Single Family Documents reveal are knowledgeable concerning originators' underwriting practices.  Objections concerning the use and admissibility of documents can be made only after the documents have been produced, reviewed, and the RBS Defendants seek to use them; they cannot be raised in the abstract, as FHFA seeks here, without reference to any specific document and before the RBS Defendants or the Court understands the substance and context of the Single Family Documents.  That FHFA

---

Defendants' intention to fully respond in due course and to set forth the RBS Defendants' preliminary arguments in response.

[2]      FHFA limited its request in this action to an order precluding use of Single Family documents "in discovery," whereas in the SDNY Actions FHFA simultaneously moved *in limine* to preclude the use of such documents in summary judgment motions and at trial.  *See* Dkt. 250.  As further discussed below, if and to the extent FHFA were to seek such relief here, there is no basis for a pre-emptive order barring the RBS Defendants from using at summary judgment or at trial documents that FHFA has not yet produced and that have not been presented to this Court to make an informed ruling concerning admissibility.

seeks to preemptively bar the RBS Defendants from using such documents speaks volumes about FHFA's perception of the potential impact of these documents on this case.

Judge Cote on January 8, 2014 granted FHFA's motion for a protective order in the SDNY Actions, including FHFA's additional request made solely in the SDNY Actions precluding defendants' use of the Single Family Documents obtained in the *Countrywide* action in summary judgment motions or at trial. That ruling, with due respect to Judge Cote, is legally unfounded and wrong for all of the reasons set forth below. Any request that this Court simply follow Judge Cote's ruling invites reversible error. Legal errors aside, Judge Cote's ruling is inapplicable here because it was made in a group of actions where party fact discovery has already closed, third party discovery is shortly closing, expert discovery has already commenced, one summary judgment motion has already been briefed and ruled upon, and certain cases are scheduled for trial starting just five months from now, in June 2014. In contrast, in this case party discovery has more than six months left to run, expert discovery will run through June 2015, and summary judgment motions and trial lie even farther in the future.

For all of these reasons, as well as those set forth below, FHFA's motion should be denied.

## BACKGROUND

### A.      FHFA Is Ordered To Produce Single Family Documents In The *Countrywide* Action

On October 31, 2013, in the *FHFA v. Countrywide* action pending in the Central District of California, Judge Pfaelzer ordered FHFA to produce documents related to Fannie Mae and Freddie Mac's "Single Family" businesses' dealings with Countrywide and twenty-two other

originators at issue in that action.  Ex. A,[3] Order Granting Countrywide Defendants' Motion For Discovery of Single Family Documents and SEC Productions, *FHFA v. Countrywide Fin. Corp.*, No. CV 12-1059 (MRP)(MAN), Dkt. 362 (C.D. Cal. Oct. 31, 2013) ("*Countrywide* Order").[4] RBSSI is one of the underwriter defendants in the *Countrywide* action and will receive the Single Family Documents FHFA produces.  The Protective Order in the *Countrywide* action expressly provides that those defendants that are also defendants in other actions brought by FHFA, including RBSSI, can use in those other actions the documents FHFA produces in *Countrywide*, including the Single Family Documents Judge Pfaelzer has ordered FHFA to produce.[5]  *See* Ex. B, Order Governing The Treatment Of Confidential Information, *FHFA v. Countrywide Fin. Corp.*, No. CV 12-1059 (MRP)(MAN), Dkt. 281, at ¶ 10(a) (C.D. Cal. Aug. 5, 2013) ("*Countrywide* Protective Order")  ("Confidential Discovery Material shall be used solely for the purpose of preparing for, and conducting, the prosecution or defense of this Action <u>and the following litigations in which Parties to this Action also are parties: . . . *FHFA v. Royal Bank of Scotland Group PLC, et al.*, 11 CV 1383 (AWT) (D. Conn).</u>") (emphasis added).

Judge Pfaelzer ordered FHFA to begin producing responsive Single Family Documents in the *Countrywide* action on a rolling basis "as soon as practicable" and that production be "substantially completed by February 28, 2014."  Ex. A, *Countrywide* Order, at 2.  FHFA was

---

[3]     All References to "Ex." refer to the exhibits appended to the Waldman Declaration ("Waldman Decl.").

[4]     The GSEs' "Single Family" business describes that aspect of their activities that involved the GSEs' direct purchases of mortgage loans from originators.  During the relevant time period, the GSEs purchased trillions of dollars of such mortgages.  *See, e.g.*, Fannie Mae 2006 Annual Report, at 50.

[5]     FHFA argues that the RBS Defendants have overlooked Judge Pfaelzer's "qualification" that documents produced in the *Countrywide* action are admissible in this action only at the discretion of this Court.  Motion at 1, n.2.  That is not so.  The RBS Defendants' motion to compel seeks the production of documents, not a ruling as to ultimate admissibility.  The RBS Defendants agree that the admissibility of any particular document in this action is for this Court, and no other, to decide.

also ordered to produce all documents it had previously produced in two actions involving the Securities and Exchange Commission ("SEC"). *Id.*

**B.      The RBS Defendants Move To Compel FHFA To Produce Single Family Documents In This Action**

On December 20, 2013, after meeting and conferring with FHFA for many weeks, the RBS Defendants filed with this Court a Motion to Compel FHFA to Produce Documents from Fannie Mae and Freddie Mac's "Single Family" businesses. Dkt. 254. The RBS Defendants' motion to compel requests that this Court make the *Countrywide* Order directly applicable in this action so that this Court can enforce the same discovery obligations by FHFA if the *Countrywide* action were to terminate, and also requests that FHFA produce here the same kinds of documents relating to originators whose loans are at issue in this action but are not at issue in *Countrywide*. For the reasons detailed in the RBS Defendants' Motion to Compel, and as Judge Pfaelzer held in ordering their production in the *Countrywide* action, Single Family Documents are relevant to critical issues in this action. *See* Ex. C, Transcript of Oral Argument, *FHFA v. Countrywide Fin. Corp.*, No. CV 12-1059 (MRP)(MAN), Hr'g Tr. at 51:25-52:2 (C.D. Cal. Oct. 2, 2013) ("[T]he single family documents are relevant . . . the relevance of those is very clear from everything that is before me."); *see also id.* at 60:3-6 ("I am telling you that what information is in the single family side is relevant or potentially relevant to the liability in this case."). Among other claims and defenses, Single Family Documents will be of considerable significance in determining whether FHFA can meet its burden of establishing that the GSEs lacked knowledge of the loan origination practices that are the subject of its Amended Complaint (for those claims on which FHFA bears that burden), whether the RBS Defendants can affirmatively establish such knowledge (for those claims on which the RBS Defendants bear that burden), and whether

FHFA was on notice of its claims before the relevant limitations dates.  Such documents may also bear upon questions concerning due diligence, materiality, and loss causation, among others.

### C.     FHFA Is Slow To Produce Single Family Documents In *Countrywide*

Despite the fact that the *Countrywide* Order was issued in October 2013, as of early January, FHFA had produced no Single Family Documents in response to the order that were not already produced in other litigation.  Ex. D, Transcript of Oral Argument, *FHFA v. Countrywide Fin. Corp.*, No. CV 12-1059 (MRP)(MAN), Hr'g Tr. at 5 (C.D. Cal. Jan. 7, 2014).  The overwhelming majority of FHFA's Single Family production in the *Countrywide* action thus far is documents previously produced in the SEC actions.  *Id.* at 6-7.  In December, Countrywide requested a conference with Judge Pfaelzer, complaining about the tardiness in FHFA's production of Single Family Documents and seeking an order from the Court requiring FHFA to produce additional Single Family Documents "immediately."  Ex. E, *FHFA v. Countrywide Fin. Corp.*, No. CV 12-1059 (MRP)(MAN), Dkt. 367 (C.D. Cal. Dec. 17, 2013).  Judge Pfaelzer held a telephonic status conference on January 7, 2014, during which Countrywide asserted that FHFA was attempting for tactical reasons to slow down its production of such documents while at the same time seeking preclusion orders in other actions, including this one.  Ex. D, Transcript of Oral Argument, *FHFA v. Countrywide Fin. Corp.*, No. CV 12-1059 (MRP)(MAN), Hr'g Tr. at 8-9 (C.D. Cal. Jan. 7, 2014).  The Court instructed FHFA to comply with the Court's order or risk sanctions.  *Id.* at 18 (The Court: "I am warning you, Mr. Abensohn – I'm warning you now – you've got to comply with the order. . . . I don't have the feeling that you have . . .); *id.* at 20 (The Court: "Now, if I find out, Mr. Abensohn that any part of this delay – if there was a delay – if there was a delay in any part of it and that it was the fault of your law firm, we will be in a bad situation.  I don't blame you; you, as counsel for F.H.F.A. I don't blame you for doing what you can do strategically to improve your position.  You're the counsel for them.  You must do what is

6

the right, from your standpoint.  But when an order has been entered, it's got to be followed."); *id.* at 24 (The Court: "You must comply with the order. . . . If you don't, you're going to have sanctions.").

### D. FHFA Moves To Preclude The RBS Defendants From Using In This Action Any Single Family Documents Produced In The *Countrywide* Action

On December 19, 2013, FHFA filed a two-page letter-motion[6] addressed both to this Court and to Judge Cote in the SDNY Actions, asking both Courts to enter an order barring all defendants from using in discovery any Single Family Documents FHFA produces in the *Countrywide* action.  *See* Dkt. 250.  In addition, FHFA asked Judge Cote to enter an order in the SDNY Actions barring defendants from using such documents at summary judgment and at trial. *See id.*  Judge Cote on January 8, 2014 entered an order granting FHFA's motion insofar as it relates to the SDNY Actions.  *See* Order, *FHFA v. Nomura  Holding Am.*, 11 Civ. 6201 (DLC) Dkt. 588 (S.D.N.Y. Jan. 8, 2014).

Judge Cote's order recites the Court's prior rulings limiting defendants' discovery requests for Single Family documents in the SDNY Actions, notes the broader discovery being provided in the *Countrywide* action on that topic, and states that "each judge supervising litigation must decide the appropriate parameters for discovery in that litigation … [which] will be established by a court with attention to the issues, facts, law, litigation history and schedule relevant to the particular action."  *Id.* at 4.  The order bars defendants in the SDNY Actions from using "documents produced in the *Countrywide* action, but not the New York Actions, during discovery, motion practice, or trial in the New York Actions."  *Id.* at 6.  The order contains no legal analysis, citations to applicable case law, or discussion concerning the propriety of

---

[6]        Judge Cote permits only two-page letters to brief disputes.

precluding use of documents in this manner before such documents have been proffered by a party into evidence, made available to the Court for review, or even produced yet.

## ARGUMENT

I.   **FHFA's MOTION TO PRECLUDE THE RBS DEFENDANTS FROM USING IN DISCOVERY SINGLE FAMILY DOCUMENTS PRODUCED IN THE *COUNTRYWIDE* ACTION LACKS ANY PROPER LEGAL BASIS**

As described above, the Countrywide Protective Order specifies the permitted uses of documents produced in the *Countrywide* action by permitted recipients.  RBSSI is a permitted recipient, and under the *Countrywide* Protective Order may use those documents "for the purpose of preparing for, and conducting, the prosecution or defense of" not only the *Countrywide* action but also the instant action.  Ex. B, *Countrywide* Protective Order at ¶¶ 10(a), 10(d).  FHFA's motion does not satisfy the standard for entry of a protective order preventing the use of such documents in discovery here, because FHFA has not demonstrated any undue burden associated with such use, it will not affect discovery deadlines, and it ignores the highly relevant nature of the documents.

### A.   **FHFA Has Not Supported Its Assertions That Using The *Countrywide* Single Family Documents In Discovery Will Cause FHFA Undue Burden.**

For FHFA to obtain a protective order barring the use of Single Family Documents in the instant action, it would have to show that the RBS Defendants are using those documents in this action in a manner that causes "annoyance, embarrassment, oppression, or undue burden or expense" to FHFA.  Fed. R. Civ. P. 26(c)(1)(D) (allowing a court, "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters").  The burden to show good cause is on the party seeking the protective order.  *See, e.g.*, *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 243 (S.D.N.Y. 2009).

This is a high standard.  "The courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause."  8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2035 (3d ed. 2013).  Mere conclusory statements of hardship are insufficient to meet this burden.  *See Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. 2006) ) (To establish good cause under Rule 26(c), courts require a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.").

FHFA's letter motion, which makes conclusory assertions concerning the "burden" it will supposedly suffer if the Single Family Documents are used by the RBS Defendants in discovery in this action, falls far short of the required showing for entry of a protective order.  It is not enough for FHFA to vaguely contend that certain unidentified documents (that the RBS Defendants have not yet even seen) are of "marginal relevance," and that "the use of such materials, regardless of whether they are produced in California, would impose undue burdens in these proceedings" and would require FHFA to "analyze and contextualize additional Countrywide documents."  *See* Motion at 2.

FHFA's suggestion that it would be burdensome for it to "analyze and contextualize" *its own* Single Family Documents is in any event wholly without merit.  To the extent there is any burden associated with "analyzing and contextualizing" the documents, it is the RBS Defendants and not FHFA that will shoulder that burden.[7]  And, whatever burden FHFA claims it will incur to "analyze and contextualize" these documents, is a burden FHFA is already undertaking in the *Countrywide* action; it will require little if any additional burden for it to analyze the very same

---

[7]     FHFA's burden arguments are particularly misplaced given the extensive resources of FHFA, an agency of the United States government, with two large law firms and teams of lawyers assisting it (along with the GSEs themselves).

documents for purposes of this case.[8]  Even if there were some hypothetical additional burden to "analyze and contextualize" the Single Family Documents for this action, it is substantially outweighed by the fact that FHFA seeks *billions of dollars* in damages from the RBS Defendants.  In short, FHFA's vague and unsubstantiated claims of burden are wholly insufficient and the Court should deny FHFA's request.

**B.      Use Of The *Countrywide* Single Family Documents Should Not Affect Discovery Deadlines.**

The RBS Defendants' use of Single Family Documents in this action will not improperly interfere with discovery deadlines.  On December 6, 2013, this Court granted the parties' joint request for an extension of fact discovery until July 25, 2014.  While the RBS Defendants disagree with Judge Cote's decision not to permit use of the Single Family Documents in discovery in the SDNY Actions, that ruling was in the context of a far more procedurally advanced set of cases, in which party fact discovery has already been completed.  That is not the case here.  And as Judge Cote has expressly recognized: "each judge supervising litigation must decide the appropriate parameters for discovery in that litigation. . . . [which] will be established by a court with attention to the issues, facts, law, litigation history and schedule relevant to the particular action."  Order, *FHFA v. Nomura Holding Am. Inc., et al.*, 11-cv-6201 (DLC), Dkt. 588, at 4 (S.D.N.Y. Jan. 8, 2014).

**C.      The Single Family Documents FHFA Will Be Producing Are Expected To Be Highly Relevant To The Claims And Defenses In This Action.**

The relevance of Single Family Documents in this action further weighs against entry of the broad protective order FHFA seeks.  Even the limited documents produced by FHFA to date demonstrate that Single Family information is highly relevant in this action.  The GSEs' Single

---

[8]      FHFA is represented by the Quinn Emanuel firm in both actions.

Family businesses had extensive relationships with the same loan originators whose underwriting practices FHFA alleges the GSEs were unaware of, and the GSEs performed substantially the same type of due diligence on mortgage loans similar to those backing the certificates at issue in this action.  Documents from the Single Family businesses are likely be highly relevant in demonstrating, among other things, the GSEs' knowledge of the nature and quality of the loans underlying the securitizations at issue, the materiality of the purported underwriting defects that FHFA alleges in its Amended Complaint and will undoubtedly allege in its re-underwriting reports, and the reasonableness of the RBS Defendants' due diligence practices.

Accordingly, the RBS Defendants plan to use the Single Family Documents as an important part of their defense of this action.[9]  In particular, the RBS Defendants intend to use the information obtained from such documents when making requests to FHFA and non-parties for additional relevant documents and to use these documents in depositions of originators who interacted with the GSEs' Single Family businesses.  Additionally, the forthcoming production of these documents may provide further good cause for additional depositions of the GSEs.  *See* Dkt. 254; Dkt. 165.

As discussed above, FHFA recently produced in *Countrywide* certain documents the GSEs had previously produced to the SEC in connection with the SEC's investigation of former

---

[9]      As detailed more fully in the RBS Defendants' Motion To Compel Single Family documents, the RBS Defendants' efforts to pursue such discovery have been hampered because FHFA has withheld the vast majority of such documents based on the fiction that the GSEs' Single Family businesses were separated from their Private Label Securities ("PLS") divisions to such a degree that documents from their Single Family businesses are irrelevant.  *See* Dkt. 254.  That fiction has been debunked by documents and testimony obtained in discovery, and it was definitively rejected by Judge Pfaelzer.  *See id.*  Moreover, that fiction is legally irrelevant since, for example, the knowledge that is relevant to the RBS Defendants' defense is the knowledge of the GSE *entities*, not just the GSEs' PLS business units. *See In re Initial Public Offerings Sec. Litig.*, 471 F.3d 24, 43-44 (2d Cir. 2006) (drawing no distinction between knowledge of institutional purchasers and their employees); *see also George v. Equifax Mortg. Servs.*, 375 Fed. App'x 74, 78 (2d Cir. 2010) (employee's knowledge from employment imputed to corporation and all of its departments).

senior GSE executives for concealing the full extent of the GSEs' exposure to subprime loans. Because the allegations in the SEC actions differ from those in the instant action, the most relevant Single Family information related to origination practices and compliance with underwriting guidelines likely has not yet been produced.  The RBS Defendants expect that FHFA's forthcoming production will include substantial additional evidence documenting Fannie Mae and Freddie Mac's knowledge of the very matters that FHFA alleges in its Complaint were hidden from the GSEs.  Nonetheless, a preliminary review of these recently produced documents shows that they provide evidence of the GSEs' knowledge of the risks related to private label RMBS that FHFA claims were misrepresented.

For example, a September 2007 email exchange including Fannie Mae CEO Daniel Mudd[10] bears not only on █████████████████████████████████████████ █████████████████████████████████████████████████████████████████████████. Ex. F (FHFACW 01508401).  In the email, Mr. Mudd asked a ██████████████████ ████████████████████████████████████.  *Id.* at FHFACW01508404.  Consistent with the RBS Defendants' loss causation defense, ███████████████████████████████ ██████.[11] █████████████████████████████████████████████████████████████ ██████.[12]  Likewise, a December 2005 "Key Risk Indicator Report" illustrates that Fannie

---

[10]    Mr. Mudd was deposed in this action on December 4, 2013.

[11]    Ex. F, at FHFACW 01508403 ███████████████████████████████████████████████ ███████); Ex. G, at FHFACW 01555032 ██████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████).

[12]    Ex. F, at FHFACW 01508402 ██████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ *id.* at FHFACW 01508404 ███████████████████████████

(footnote cont. next page)

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████.

Ex. H (FHFACW01553145).

  Other emails reflect a high-level understanding of the riskiness of subprime securities.  In February 2007, Martin Eakes, the chief executive officer of a nonprofit group advocating for responsible lending, advised Fannie Mae's Chief Business Officer and General Counsel that

████████████████████████████████████████████████████████

████████████████████.″  Ex. I (FHFACW02077464).  This email was then forwarded to a large number of senior executives, including Enrico Dallavecchia,[13] the chief risk officer.  Another highly relevant, yet previously unproduced, document is a January 2008 email from Eric Rosenblatt, a Fannie Mae Single Family analytics employee, to Peter Niculescu, executive vice president of its private label securities division that bought the securities at issue here, in which Mr. Rosenblatt wrote that Fannie Mae's ████████████████████████████

████████████████████████████████████████████████████

██████████  Ex. J (FHFACW02505875).[14]

---

████████████████████████████████████████████ *id.* at FHFACW 01508403 ██

████████████████████████████████████████████████

[13] FHFA designated Mr. Dallavecchia as a document custodian in this action and he was deposed on December 3, 2013, but this document was not included among the documents that were produced by FHFA to the RBS Defendants in this action.

[14] Mr. Niculescu is a document custodian in this action, and Mr. Rosenblatt and Mr. Niculescu were deposed on November 8 and December 10, 2013, respectively.

II.    **THE COURT CANNOT PREEMPTIVELY PRECLUDE THE RBS DEFENDANTS FROM USING SINGLE FAMILY DOCUMENTS IN SUMMARY JUDGMENT MOTIONS AND AT TRIAL**

While FHFA's motion in this action does not seek preclusion of the Single Family Documents from being used in summary judgment motions and at trial, FHFA sought and was granted such an order in the SDNY Actions, and accordingly we address it here.

A.    **The Court Cannot Preemptively Bar Use Of Single Family Documents In Summary Judgment Motions.**

There is no basis for an order barring the RBS Defendants from using documents that have not yet been produced in a summary judgment motion that has not yet been filed. Challenges to the use or admissibility of documents submitted in support of summary judgment motions are properly addressed at the time such motions are filed, so the Court can understand and properly evaluate the evidence it is being asked to exclude.  Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."); *see also Wanamaker v. Town of Westport Bd. of Educ.*, No. 3:11cv1791 (MPS)(WIG), 2013 WL 3816592, at *3 (D. Conn. July 22, 2013) (denying motion to strike evidence submitted in connection with motion for summary judgment as inappropriate and unnecessary, advising that arguments regarding relevancy of party documents are properly made in briefs as opposed to motions to strike, and holding that the court "will rely only on evidence that would be admissible at trial" in deciding motion).

Any objections to documents relied upon by the RBS Defendants in connection with any summary judgment motion must be raised when the motion is made, so the dispute can be resolved in the context of the specific document and the specific motion pursuant to Federal Rule

14

of Civil Procedure 56 and the Federal Rules of Evidence.[15]  *See Newport Elec., Inc. v. Newport Corp.,* 157 F. Supp. 2d 202, 208 (D. Conn. 2001) (in challenging the admissibility of evidence submitted in connection with a motion for summary judgment, the "moving party must be specific in regards to what it is seeking to have stricken and must set forth reasons for why the materials should not be considered by the court"); *see also* Advisory Committee's Notes to Fed. R. Evid. 401 ("Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.").  Once documents are produced and are proffered in support of a summary judgment motion, FHFA would be required to make a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause" for the exclusion of such documents.  *See* 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2035 (3d ed. 2013).  At this time, the RBS Defendants cannot say which of the documents FHFA produces they will use in a motion, for what purpose, and what prejudice they might suffer if the documents are excluded.  These are threshold questions that cannot now be addressed.

### B.    *In Limine* Rulings On The Admissibility Of Single Family Documents At Trial Cannot Be Made Prior To The Production Of Such Documents

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."  *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks omitted).  A court should exclude evidence on a motion *in limine* only if the evidence is clearly inadmissible on all

---

[15]    No schedule has yet been set for summary judgment briefing, but it will presumably not occur until the second half of 2015, after discovery is completed.

potential grounds.  *See, e.g.*, *Ziemba v. Lynch*, No. 3:10-cv-717(SRU)(WIG), 2011 WL 4633117, at *1 (D. Conn. Oct. 4, 2011).  Accordingly, "[c]ourts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context." *Cannistraci v. Kirsopp*, No. 1:10-cv-980(MAD/DRH), 2012 WL 2089687, at *2 (N.D.N.Y. June 8, 2012) (citing cases).

FHFA must raise any objections to the admissibility of documents to be used at trial by citing the particular document and arguing why it is inadmissible, based on the purpose for which the document is being offered by the party-opponent.  A blanket order of preclusion of an entire category of unidentified documents that are business records of a party-opponent, without any context, is without any legal basis.  *See, e.g.*, *United States v. Persico,* 447 F. Supp. 2d 213, 219, n.7 (E.D.N.Y. 2006) (denying motion *in limine* as premature where it was not known whether the evidence would be presented); *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 150 (S.D.N.Y. 2003) (denying motion *in limine* to preclude evidence regarding a settlement offer, because "no certain forecasted evidence presents itself"); *Babcock v. Rezak*, No. 96-CV-0394E(SC), 2002 WL 31654995, at*1 (W.D.N.Y. Nov. 6, 2002) (holding that plaintiff's motion *in limine* to preclude defendant from offering evidence was premature where defendant had not yet sought to offer such evidence at trial); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996) (denying motion *in limine* as "too sweeping in scope," reserving judgment until "admission of particular pieces of evidence is in an appropriate factual context").  It is well-settled that it is not possible to make a blanket ruling on the admissibility of evidence without considering the evidence itself, the factual context, and the purpose for which the evidence is offered.  *See, e.g.*, *Medallic Art Co. Ltd. v. Novus Mktg., Inc.*, 99 CIV. 502 (NRB), 2004 WL 396046, at *2 (S.D.N.Y. Mar. 2, 2004) (denying motion *in limine*

to exclude evidence relating to another litigation, because it was not possible to render a "blanket decision" on admissibility without the proper context).

## <u>CONCLUSION</u>

For the foregoing reasons and those set forth in the RBS Defendants' preliminary response dated December 20, 2013 (Dkt. 252), this Court should deny FHFA's motion seeking to preclude the RBS Defendants from using Single Family Documents produced in the *Countrywide* action in discovery in this action.

Dated: January 16, 2014
      New York, New York

Respectfully submitted,

/s/ Timothy A. Diemand
Timothy A. Diemand (ct18075)
Joseph M. Gillis (ct27665)
WIGGIN AND DANA LLP
One CityPlace
185 Asylum Street
Hartford, CT 06103
Telephone: (860) 297-3700
Facsimile: (860) 525-9380
tdiemand@wiggin.com
jgillis@wiggin.com

Thomas C. Rice (*pro hac vice*)
David J. Woll (*pro hac vice*)
Alan Turner (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
trice@stblaw.com
dwoll@stblaw.com
aturner@stblaw.com

*Attorneys for Defendants*

17

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 16, 2014, a copy of the foregoing Defendants' Opposition to FHFA's Motion for Protective Order was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

<u>/s/ Timothy A. Diemand</u>
Timothy A. Diemand (ct18075)
WIGGIN AND DANA LLP
One CityPlace
185 Asylum Street
Hartford, CT 06103
Telephone: (860) 297-3700
Facsimile: (860) 525-9380
tdiemand@wiggin.com