IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND THE FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>                              Plaintiff,<br><br>              -against-<br><br>THE ROYAL BANK OF SCOTLAND GROUP PLC; RBS HOLDINGS USA INC.; RBS SECURITIES INC. (f/k/a GREENWICH CAPITAL MARKETS, INC.); RBS FINANCIAL PRODUCTS INC. (f/k/a GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.), RBS ACCEPTANCE INC. (f/k/a GREENWICH CAPITAL ACCEPTANCE, INC.); FINANCIAL ASSET SECURITIES CORP.; JOSEPH N. WALSH III; CAROL P. MATHIS; ROBERT J. MCGINNIS; JOHN C. ANDERSON; and JAMES M. ESPOSITO,<br><br>                              Defendants. | Case No. 3:11-cv-01383-AWT<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO FHFA'S MOTION FOR FURTHER COORDINATION**

WIGGIN AND DANA LLP
One CityPlace
185 Asylum Street
Hartford, CT 06103

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017

*Attorneys for Defendants*

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

BACKGROUND .......................................................................................................................... 3

   A. FHFA Filed This Action In Connecticut, Where Venue Is Proper ............. 3

   B. The Coordination Order And Discovery In This Action ............................ 4

ARGUMENT ................................................................................................................................. 5

 I. THERE IS NO GOOD REASON TO REASSIGN THIS CASE TO JUDGE COTE ................................................................................................................ 5

   A. This Action Belongs In The District Of Connecticut ................................. 5

   B. Judicial Caseloads Do Not Support Reassignment To Judge Cote ............. 5

   C. The Status Of Discovery Weighs Against Reassignment To Judge Cote ............................................................................................................. 7

   D. Parajudicial Officer Hawkins Can Provide The Court With Assistance On Discovery Motions Where Appropriate .............................. 8

 II. FHFA's REQUEST FOR REASSIGNMENT LACKS ANY PROPER LEGAL BASIS ................................................................................................................. 9

   A. Appointment Of Judge Cote As A "Visiting Judge" Is Inappropriate ............................................................................................... 9

   B. The Statutory Grounds For Reassignment Of An Action Within A Circuit Are Not Met Here ......................................................................... 10

 III. FHFA's REQUEST IS IMPROPER JUDGE-SHOPPING ................................. 11

CONCLUSION ............................................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*60 Key Ctr. Inc. v. Adm'r of Gen. Servs. Admin. (GSA)*, 47 F.3d 55 (2d Cir. 1995) .................................................................................................................. 11

*In re BellSouth Corp.*, 334 F.3d 941 (11th Cir. 2003) ...................................................... 11

*In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307 (2d Cir. 1988) ............................................ 12

*In re F.C.C.*, 208 F.3d 137 (2d Cir. 2000) .......................................................................... 12

*McCuin v. Tex. Power & Light Co.*, 714 F.2d 1255 (5th Cir. 1983) ............................................ 11

*Romag Fasteners, Inc. v. Fossil, Inc.,* --- F. Supp. 2d ----, 2013 WL 5782522 (D. Conn. Oct. 24, 2013) ............................................................................... 9

*Seguin v. Suttell*, Civ. No. 13-CV-095-JNL-LM, 2013 WL 3461695 (D.R.I. July 9, 2013) ............................................................................................. 11

*Standing Comm. on Discipline v. Yagman*, 55 F.3d 1430 (9th Cir. 1995) ..................................... 11

*Telesco v. Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d 356 (2d Cir. 1985) .................................................................................................................. 12

*United States v. Springer*, No. 09-CR-0043-F, 2010 WL 419936 (N.D. Okla. Jan. 28, 2010) ........................................................................................ 11

**Statutes**

28 U.S.C. § 1391 ................................................................................................................. 5

28 U.S.C. § 292(b) ............................................................................................................. 10

The Royal Bank of Scotland Group plc, together with certain affiliates and current and former employees (collectively, the "RBS Defendants"), respectfully submit this Memorandum of Law in Opposition to the Federal Housing Finance Agency's ("FHFA") Motion for Further Coordination dated January 29, 2014 (the "Motion").[1]

## INTRODUCTION

FHFA makes the extraordinary request that this action be reassigned "for the remainder of discovery and/or trial" to Judge Cote of the Southern District of New York. Mot. Ex. 1, at 1. FHFA's request is not based on any demonstrated need and lacks legal basis. Instead, it is an unprecedented, entirely improper, and blatant attempt at judge-shopping. The motion should be denied.

There is no need to reassign this action to Judge Cote, who does not sit in this district. This case has for almost two and a half years been capably managed by this Court, sitting in the state where RBS has its United States headquarters, where this action was filed, and where it will be tried. Contrary to FHFA's argument that reassignment of this action to a SDNY judge "would substantially alleviate the unusual burdens faced by Judges in the District of Connecticut," Mot. Ex. 1, at 2, judicial caseloads in the Southern District of New York are, on average, *higher* than in the District of Connecticut. Moreover, the unique situation that led Judge Thompson in 2012 to implement a temporary visiting judge program no longer exists and cases are not presently being assigned to the program. FHFA's contention that RBS is causing "unnecessary duplication" by bringing discovery motions (or opposing motions brought by FHFA) concerning issues that in some instances are similar to those Judge Cote has ruled upon, Mot. Ex. 1, at 1, is no more than a reiteration of FHFA's argument that rulings by Judge Cote are binding in this action—an argument

---

[1] Should the Court be inclined to entertain FHFA's request despite the substantive and procedural deficiencies explained below, the RBS Defendants request to be heard in person on the motion.

1

that this Court has rejected and even FHFA's own counsel has disavowed. This Court, and this Court alone, is responsible for making rulings governing the conduct of the actions before it, and the RBS Defendants—sued on more than $32 billion in securities purchases—are entitled as a matter of basic due process to be heard by this Court on the substantial issues in this case. To the extent the Court desires assistance in dealing with discovery matters, both sides have already indicated their agreement to the Court's further use of Parajudicial Officer James Hawkins.

FHFA's motion also has no legal basis. The "visiting judge" program that FHFA proposes this Court utilize to reassign the action to Judge Cote is not a program designed to permit party litigants to install a judge of their choosing. Instead, as was the case in 2012, such programs are typically implemented at the request of the chief judge of a district to alleviate caseload burdens and judicial shortages endemic within the district. Moreover, by statute, any intra-circuit assignment can only be made by the chief judge of the circuit, and only where such an assignment is "in the public interest." Neither requirement is met here. FHFA's motion improperly asks this Court to enter a reassignment order the authority for which lies in the province of the Chief Judge of the Second Circuit Court of Appeals. And the "public interest" standard for such an order could never be met by the kind of party-initiated reassignment that FHFA seeks here. Parties do not get to pick their preferred visiting judge.

FHFA's motivation to seek reassignment to Judge Cote is obvious. After receiving from Judge Cote a series of rulings favoring its positions in the actions pending in the Southern District of New York (which, respectfully, RBS believes are one-sided and in many instances legally erroneous), FHFA has brought this motion in an attempt to obtain a strategic litigation advantage by trying to avoid having this Court rule on a series of pending motions that, if the Court rules against FHFA, will result in discovery that will severely undermine its claims. Apparently stung by the experience of litigating in other fora, specifically the Central District of California where FHFA

2

faces a sanctions motion for improperly delaying and limiting its production of Single-Family documents as ordered by Judge Pfaelzer (and which the RBS Defendants are seeking before this Court), FHFA appears desperate to avoid having any judge other than Judge Cote rule on issues that may affect the outcome of this action. FHFA's attempt to manipulate the judicial assignment process is highly improper and the Second Circuit has specifically condemned such conduct.

For these reasons, more fully discussed below, the Court should deny FHFA's motion.

## BACKGROUND

### A.     FHFA Filed This Action In Connecticut, Where Venue Is Proper

FHFA filed the RBS Action on September 2, 2011 in Connecticut, where the RBS Defendants have their United States headquarters. FHFA filed sixteen other actions in New York state and federal courts, all but one of which ended up in the Southern District of New York (the "SDNY Actions"). The final action (the "*Countrywide* action") was transferred to the Central District of California, where it is pending before the Honorable Mariana Pfaelzer. One of the RBS Defendants (RBS Securities Inc.) served as an underwriter on some of the securities offerings in several of the non-Connecticut cases and, as such, is a defendant in three of the SDNY Actions as well as the *Countrywide* action.

FHFA did not designate the SDNY Actions as related to one another, and they were initially assigned to multiple judges. FHFA did not seek coordination of the RBS Action and the SDNY Actions, and even opposed any significant coordination among the SDNY Actions, arguing that "broad coordination between and among the Cases would not be appropriate or efficient here." *See* Plaintiff FHFA's Proposal For The Efficient Administration Of The Cases, dated October 19, 2011, at 5 (Case No. 1:11-cv-05201, Dkt. No. 17).

In December 2011, following assignment of all the SDNY Actions to Judge Cote and an initial conference held by Judge Cote, FHFA informed the RBS Defendants that it would be

3

Case 3:11-cv-01383-AWT   Document 293   Filed 02/07/14   Page 7 of 17

amenable to transferring the RBS Action from Connecticut to the SDNY.  On December 9, 2011, FHFA informed Judge Cote of its proposal.  The RBS Defendants declined to consent to such a transfer, noting in response to FHFA's letter to Judge Cote that "[s]hould FHFA nonetheless seek transfer of the RBS Action to [the Southern District], it would need to bring any such motion in Connecticut and demonstrate that the statutory standard is satisfied."  Ex. A, Letter from David Woll to the Honorable Denise Cote (December 15, 2011).  In the more than two years that have passed since then, FHFA never brought such a motion.

        **B.**      **The Coordination Order And Discovery In This Action**

In November 2012, Judge Cote and this Court issued a Coordination Order, coordinating certain aspects of discovery between the RBS Action and the SDNY Actions.  The Coordination Order coordinates across the cases certain points of procedure and numerical limitations on depositions and written discovery requests, but does not (nor could it) purport to make Judge Cote's substantive and/or discovery rulings applicable in this action.  Indeed, both FHFA and the RBS Defendants have raised a number of substantive and discovery issues with this Court, *see* Docket Nos. 145, 155, 165, 206, and 254, and, at the Court's direction, have met with Parajudicial Officer James Hawkins in an attempt to narrow or resolve some of those disputes.

Party fact discovery in the SDNY Actions concluded on December 6, 2013, and third-party discovery will be complete at the end of March 2014.  The first of the SDNY Actions will be tried starting in just a few months, in June 2014, with more trials scheduled for September 2014, and any remaining cases to be tried in January 2015.  The RBS action is on a different track.  By agreement of the parties, the fact discovery cut-off in the RBS action has been extended to the end of July 2014 and expert discovery will conclude on June 30, 2015.[2]

---

[2]  Since party discovery in the SDNY Actions is already finished, and third-party discovery is nearly complete, the Coordination Order will soon cease to be relevant to the conduct of this case.

## ARGUMENT

**I.    THERE IS NO GOOD REASON TO REASSIGN THIS CASE TO JUDGE COTE**

### A.    This Action Belongs In The District Of Connecticut

FHFA commenced this action in the District of Connecticut, asserting that venue is proper because "[s]everal of the RBS Defendants are principally located in this district, several of the Individual Defendants reside in this district, and many of the acts and transactions alleged herein, including the preparation and dissemination of the Registration Statements, occurred in substantial part within this district."[3]  Pl.'s Am. Compl. ¶ 30.  In addition, FHFA contended that "Defendants are [] subject to personal jurisdiction in this district."  Pl.'s Am. Compl. ¶ 30.  The RBS Defendants have not challenged FHFA's choice of the District of Connecticut as a proper venue for this action, and have expressed their preference that the case stay here, since the RBS corporate defendants are citizens of Connecticut and it is where they have their United States headquarters.  *See, e.g.,* Ex. A, Letter from David Woll to the Honorable Denise Cote (December 15, 2011).  Most of the individual defendants also live and/or work in Connecticut.  The case was brought here, belongs here, will be tried here, and should be presided over by a judge who sits in this district.

### B.    Judicial Caseloads Do Not Support Reassignment To Judge Cote

FHFA suggests that judicial caseloads in the District of Connecticut present "unusual burdens" that would be alleviated by reassigning this action to Judge Cote.  Mot. Ex. 1, at 2.  Without in any way minimizing the burdens on the judges in the District of Connecticut, those burdens are not unique to this district.  And in fact, by objective measures, judicial caseloads in the Southern District of New York are higher; for the twelve months ending September 30, 2013, total and weighted filings per judgeship were 35-40% higher in the Southern District of New York than

---

[3]  28 U.S.C. § 1391 provides that venue is proper in a judicial district "in which any defendant resides" or "in which a substantial part of the events or omissions giving rise to the claim occurred[.]"  28 U.S.C. § 1391.

5

in the District of Connecticut.  *See Federal Court Management Statistics*, September 2013.[4]  Moreover, the Southern District of New York had more than four times the number of "vacant judgeship months" than the District of Connecticut.  *Id.*[5]

The "visiting judge" program on which FHFA bases its motion was implemented as a result of a temporary shortage of judges in the District of Connecticut—a shortage that no longer exists.  The prior program was implemented after the passing of two district judges and the elevation of another judge to the Second Circuit Court of Appeals.[6]  In the months since the visiting judge program was implemented, the judicial shortage in the District of Connecticut has been alleviated.  Judge Michael Shea has been confirmed to a vacancy in this district,[7] the nomination of Jeffrey Meyer to the remaining vacancy is before the full Senate,[8] and two other judges previously sitting in other districts, Senior Judges Haight and Melançon, are now sitting in this district.  The RBS Defendants understand that these developments addressed the temporary judicial shortage and

---

[4] Available at http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/district-courts-september-2013.aspx (showing that the District of Connecticut had 313 total filings per judgeship in the twelve month period ending September 30, 2013, compared to 425 total filings per judgeship in the Southern District of New York, and that weighted filings per judgeship were 336 and 472, respectively).  *See also Judicial Business of the United States Courts*, 2012, Table X-1A, available at http://www.uscourts.gov/Statistics/JudicialBusiness/2012.aspx.

[5] Showing that the District of Connecticut (which has 8 judgeships) had 12.0 vacant judgeship months, compared to 51.7 vacant judgeship months in the Southern District of New York (which has 28 judgeships).

[6] *See* Thomas B. Scheffey, *An Assist from Other States: Visiting Federal Judges Responded to Counter 'Perfect Storm' of Setbacks*, Conn. Law Tribune, Dec. 31, 2012, at 12.  Use of visiting judges to temporarily fill judicial vacancies is one of the primary, and proper, uses of such programs.  *See The Use of Visiting Judges in the Federal District Courts: A Guide for Judges & Court Personnel*, Federal Judicial Center, 2001, at 7 ("Most courts seek visiting judges to help out during period of heavy case filings . . . and during periods of numerous judicial vacancies.  Secondary reasons include coverage for recusals or judges who are on vacation or ill.").

[7] Judge Michael Shea's nomination was confirmed by the Senate on December 5, 2012.  *See* http://www.fjc.gov/servlet/nGetInfo?jid=3446&cid=999&ctype=na&instate=na.

[8] *Judicial Nomination Materials: 113th Congress*, http://www.judiciary.senate.gov/nominations/Materials113thCongress.cfm (noting that nomination of Jeffrey A. Meyer was reported out of committee on January 16, 2014).

backlog of cases and that, as a result, the visiting judge program is no longer active and is not being used as the basis for reassignment of pending actions.[9]

###   C.   The Status Of Discovery Weighs Against Reassignment To Judge Cote

In an attempt to justify its proposal that Judge Cote take over this case, FHFA complains that the RBS Defendants are seeking to "re-litigate" issues that Judge Cote has purportedly already ruled upon.  Mot. Ex. 1, at 2.  The RBS Defendants' pursuit in this action of discovery that in some respects was not permitted by Judge Cote in the SDNY Actions does not amount to "re-litigation" of those issues.  The SDNY Actions had a shorter discovery schedule, and many of Judge Cote's rulings were made with reference to the Court's desire to maintain that schedule.  Further, even where the same general topic is involved, discovery disputes in this action have arisen in ways that sometimes materially differ from the SDNY Actions.[10]  In any event, since the action is pending in this Court and will be tried in this Court, it is up to this Court to resolve discovery disputes.

Nowhere is this more true than with respect to the various pending motions concerning Single Family discovery—an area of discovery in which Judge Pfaelzer in the *Countrywide* action has reached very different conclusions than Judge Cote on similar issues.  While Judge Cote took a very restrictive approach to Single Family discovery in the SDNY Actions, in October 2013, Judge Pfaelzer ordered FHFA to produce Single Family documents in the *Countrywide* action, finding that such information is directly relevant to the claims and defenses at issue.  The RBS Defendants, as they are entitled to, have raised similar issues with this Court on several motions concerning Single

---

[9]  Certain actions that were assigned to visiting judges may in some instances still be managed by those judges until the actions conclude.

[10]  For example, Judge Cote denied a request by defendants in the SDNY Actions for FHFA's pre-Complaint work product concerning the Automated Valuation Model analysis described in the SDNY complaints.  The RBS Defendants filed in this action a different motion to compel, that does not seek FHFA's work product, and instead seeks responses to customary interrogatories identifying the specific loans that FHFA alleges are defective, and why.  *See* Dkt. 155.  FHFA's characterization of the RBS Defendants' motion as "re-litigat[ion]" of an issue previously decided by Judge Cote misses the mark.  Mot., Ex. 1, at 2.

7

Family discovery. FHFA's request for reassignment of this action to Judge Cote is a transparent attempt to avoid the possibility that this Court (as it should) comes to the same conclusions as Judge Pfaelzer, and that instead Judge Cote rule on those motions.

FHFA also argues that discovery delays, allegedly attributable to the RBS Defendants, are a reason for reassignment. Mot. Ex.1, at 1. Yet, as has been detailed in other motions currently before the Court, if anything, it is FHFA's refusal to provide the RBS Defendants with some very basic information that has caused discovery to be protracted and that has necessitated the filing of motions to compel. For example, FHFA refused to identify the GSE employees who were responsible for purchasing and monitoring the $32 billion in securities the GSEs purchased in each of the 68 securitizations at issue, or to identify which mortgage loans it alleges were "defectively" originated and in what respect. *See* Defs.' Mot. To Compel Resps. To Defs.' First Set Of Interrogs. (Dkt. 155) at 9-10; Defs.' Renewed Mot. To Compel FHFA To Provide Full Resps. To Their First Set Of Interrogs. (Dkt. 212) at 4-5. And as to document discovery, while FHFA represented to this Court that it would complete its document production by November 30, 2012, FHFA did not substantially complete its production until June 13, 2013, more than six months late, producing more than half of its documents after the November 30, 2012 deadline. The RBS Defendants, on the other hand, produced approximately two-thirds of their documents by their substantial completion deadline of March 23, 2013. This is a complex case that involves extensive discovery, and inevitably there will be discovery disputes and, at times, delays. None of this justifies reassignment of the action to anyone, let alone to Judge Cote.

      **D.**    **Parajudicial Officer Hawkins Can Provide The Court With Assistance On Discovery Motions Where Appropriate**

To the extent the Court requires assistance in hearing and resolving discovery disputes, there are more conventional and appropriate means of obtaining such assistance. On three pending discovery motions, the parties have met with and presented their positions to Parajudicial Officer

8

Hawkins, who facilitated a resolution of one motion and narrowed the dispute on another. As counsel stated at the last conference before the Court in October 2013, the RBS Defendants would be more than happy for Mr. Hawkins to play a continuing, or even expanded, role in resolving discovery disputes in this case. FHFA expressed the same sentiment at the October 2013 conference. *See* Ex. B, Transcript dated October 28, 2013, at 15:20-24 ("Mr. Abenhson: Your Honor, we've met with Parajudicial Officer Hawkins, it was a very productive meeting, and we're, of course, happy to continue meeting with him at whatever schedule Your Honor thinks appropriate."); *Id*. at 47:24-48:2 ("Mr. Rice: And for our part, we'd be delighted to have it be Mr.

Hawkins, we'd be delighted to have a discovery master in the case and to help with these kinds of issues."). If for whatever reason the Court requires assistance beyond Mr. Hawkins, the Court could appoint a magistrate judge or a discovery master to hear and resolve discovery disputes. Any of these options would resolve any alleged burden issue without trampling on the RBS Defendants' rights.[11]

## II.   FHFA's REQUEST FOR REASSIGNMENT LACKS ANY PROPER LEGAL BASIS

### A.   Appointment Of Judge Cote As A "Visiting Judge" Is Inappropriate

FHFA requests that Judge Cote take over this action from Judge Thompson, as a "visiting judge." Mot. Ex. 1, at 2. As noted above, a visiting judge program was initiated in the District of Connecticut in September 2012 when this Court requested assistance from the Judicial Conference's Committee on Intercircuit Assignments to address a temporary shortage of judges. *See* Thomas B. Scheffey, *An Assist from Other States: Visiting Federal Judges Responded to*

---

[11] If this action were reassigned to Judge Cote, she would need to familiarize herself with the Court's local rules, *see Romag Fasteners, Inc. v. Fossil, Inc.,* --- F. Supp. 2d ----, 2013 WL 5782522, at *7 n.5 (D. Conn. Oct. 24, 2013) ("As a visiting judge, I am, of course bound by the district's local rules."), and would also be required to travel to Connecticut for proceedings in this case. Hosting Judge Cote would also entail "several major responsibilities" for the District of Connecticut, including hotel accommodations (for Judge Cote and her permitted staff), chambers and courtroom arrangements, and additional support staff. *Deskbook for Chief Judges of U.S. District Courts*, Federal Judicial Center, 2003, § VII.F.1.c ("*Deskbook*"). Thus, reassignment would be an unnecessary and wasteful drain on the resources of the District of Connecticut.

9

*Counter 'Perfect Storm' of Setbacks*, Conn. Law Tribune, Dec. 31, 2012, at 12.  Consistent with the general purpose of a visiting judge program, nine senior judges from around the country were assigned to assist with 40 civil cases that were "less complex legal matters that could be resolved in a short period of time."  *Id*.  Thus, even if the visiting judge program was still active, FHFA's request would not fall within the program, as this action is plainly not a "less complex legal matter[] that could be resolved in a short period of time."  And the visiting judge program never allowed a party litigant to choose which visiting judge, if any, would be assigned to its case.  FHFA's reliance on the visiting judge program is nothing more than a ruse to cloak its reassignment request with the appearance of propriety.

      **B.**      **The Statutory Grounds For Reassignment Of An Action Within A Circuit Are Not Met Here**

Intra-circuit assignments of judges, such as the one FHFA proposes here, are controlled by 28 U.S.C. § 292(b), which provides that "[t]he chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit."  *Id.*  As such, sole authority for permitting *intra*-circuit assignments is reserved to the chief judge of the Circuit Court of Appeals, the Honorable Robert A. Katzmann, not to the district judges of the circuit and not on the motion of a party litigant.  "Requests for assistance from visiting Article III judges are usually initiated by the chief district judge and are made to the chief circuit judge."  *Deskbook*, § VII.F.1.a.  Thus, the needs of particular districts within a circuit— not the desires of a party to an action—dictate the need for reassignment.  FHFA's motion, apparently out of self-interest, asks this Court to effect an intra-circuit reassignment without any proper legal basis.

Reassignment of this action to Judge Cote would in any event not be "in the public interest," as required by 28 U.S.C. § 292(b).  Assignment and designation under § 292(b) is intended "to relieve backlogs or to assist courts whose resources are strained by recusal, vacancies, or judicial

10

illness or disability[.]" *Deskbook*, § VII.F.1[12]; *see also, e.g.*, *60 Key Ctr. Inc. v. Adm'r of Gen. Servs. Admin. (GSA)*, 47 F.3d 55, 56 n.1 (2d Cir. 1995) (noting intra-circuit designation due to recusal of all judges in W.D.N.Y.); *Seguin v. Suttell*, Civ. No. 13-CV-095-JNL-LM, 2013 WL 3461695, at *2 (D.R.I. July 9, 2013) (all district judges had recused themselves); *United States v. Springer*, No. 09-CR-0043-F, 2010 WL 419936, at *5 (N.D. Okla. Jan. 28, 2010) (avoiding appearance of impropriety due to district judges' prior contacts with parties). None of these circumstances are present here. FHFA is making this (improper) request out of its own self-interest, not out of any desire to advance the public interest.

### III.   FHFA's REQUEST IS IMPROPER JUDGE-SHOPPING

In the absence of any legal basis for reassignment of this action to Judge Cote, it is clear that FHFA's motion is nothing more than judge-shopping, and it should be rejected on that ground alone. Courts considering attempts to manipulate the random assignment of judges have found that such attempts constitute a disruption to the administration of justice. *See, e.g.*, *In re BellSouth Corp.*, 334 F.3d 941, 959 (11th Cir. 2003) ("We have no difficulty concluding that a contrivance to interfere with the judicial assignment process constitutes a threat to the orderly administration of justice."); *McCuin v. Tex. Power & Light Co.*, 714 F.2d 1255, 1265 (5th Cir. 1983) (permitting manipulation of the assignment process would bring "the judicial system itself into disrepute" and "would permit unscrupulous litigants and lawyers to thwart our system of judicial administration"); *see also Standing Comm. on Discipline v. Yagman*, 55 F.3d 1430, 1443 (9th Cir. 1995) ("Judge-shopping doubtless disrupts the proper functioning of the judicial system and may be disciplined.").

As the RBS Defendants have pointed out in several previous filings, Judge Cote has issued a series of one-sided rulings that have severely limited the ability of defendants in the SDNY Actions

---

[12]  The section of the *Deskbook* FHFA cites is titled "Backlogs and Delays." To the extent FHFA claims that there have been delays in this action, the *Deskbook* acknowledges that "[d]elay in civil litigation is sometimes beyond the court's control. Some delay is a natural consequence of the particular litigation; for example, discovery in complex cases is often unavoidably time-consuming." *Deskbook*, § VII.2.

11

to obtain critical discovery, including discovery of the GSEs' Single Family businesses.[13]  These rulings, among others, were the basis for a mandamus petition to the Second Circuit in March 2013.  While the mandamus petition was denied by the Second Circuit, which noted that defendants had adequate appellate rights following conclusion of the district court proceedings,[14] the mere filing of the petition highlights the defendants' perception of the unfair treatment they have received in the SDNY Actions.  That FHFA would take the extraordinary step of seeking reassignment of this action to Judge Cote demonstrates FHFA's perception of the litigation advantage that such a reassignment would entail.

The Second Circuit has underscored the importance of preserving "the neutral and random assignment of judges to cases," *In re F.C.C.*, 208 F.3d 137, 139 (2d Cir. 2000), making clear that "[l]itigants are entitled to an unbiased judge; not to a judge of their choosing." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).  Otherwise, courts risk the danger that "plaintiffs may engage in forum shopping or, more accurately, judge shopping.  When they see a storm brewing in the first court, they may try to weigh anchor and set sail for the hopefully more favorable waters of another district." *Telesco v. Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d 356, 360 n.4 (2d Cir. 1985) (citing *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1203 (2d Cir. 1970)).  These concerns are all present here.  There is no legal basis for FHFA's

---

[13]  Even outside legal commentators have commented on the "lopsided" and unprecedented nature of Judge Cote's rulings.  *See, e.g.*, *New ruling puts Fannie, Freddie in line for windfall MBS recovery*, Alison Frankel, December 17, 2013, available at http://blogs.reuters.com/alison-frankel/tag/fhfa/ ("Has there ever been a more lopsided multibillion-dollar case than the Federal Housing Finance Agency's fraud litigation against the banks that sold mortgage-backed securities to Fannie Mae and Freddie Mac? I don't think U.S. District Judge Denise Cote of Manhattan, who is overseeing securities fraud suits against 11 banks that haven't already settled with the conservator for Fannie and Freddie, has sided with the banks on any major issue, from the timeliness of FHFA's suits to how deeply the defendants can probe Fannie and Freddie's knowledge of MBS underwriting standards in the late stages of the housing bubble. But even in that context, Judge Cote's summary judgment ruling Monday – gutting the banks' defenses against FHFA's state-law securities claims – is a doozy.").

[14]  *See* Ex. C (denying petition on grounds that "Petitioners have not demonstrated that they lack an adequate, alternative means of obtaining the relief they seek – *i.e.*, an appeal from a final judgment.").

reassignment request, which is a transparent attempt at judge-shopping that, if granted, would diminish the perceived fairness of the judicial system.

## CONCLUSION

For all of the reasons set forth above, FHFA's motion to reassign this action should be denied.

Dated: February 7, 2014
       Hartford, Connecticut

>
> Respectfully submitted,
>
> /s/ Timothy A. Diemand
> Timothy A. Diemand (ct18075)
> Joseph M. Gillis (ct27665)
> WIGGIN AND DANA LLP
> One CityPlace
> 185 Asylum Street
> Hartford, CT 06103
> Telephone: (860) 297-3700
> Facsimile: (860) 525-9380
> tdiemand@wiggin.com
> jgillis@wiggin.com
>
> Thomas C. Rice (*pro hac vice*)
> David J. Woll (*pro hac vice*)
> Andrew T. Frankel (*pro hac vice* pending)
> Alan Turner (*pro hac vice*)
> Craig S. Waldman (*pro hac vice*)
> SIMPSON THACHER & BARTLETT LLP
> 425 Lexington Avenue
> New York, New York 10017
> Telephone: (212) 455-2000
> Facsimile: (212) 455-2502
> trice@stblaw.com
> dwoll@stblaw.com
> afrankel@stblaw.com
> aturner@stblaw.com
> cwaldman@stblaw.com
>
> *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2014, a copy of the foregoing Defendants' Memorandum Of Law In Opposition To FHFA's Motion For Further Coordination was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Timothy A. Diemand
Timothy A. Diemand (ct18075)
WIGGIN AND DANA LLP
One CityPlace
185 Asylum Street
Hartford, CT 06103
Telephone: (860) 297-3700
Facsimile: (860) 525-9380
tdiemand@wiggin.com