# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

FEDERAL HOUSING FINANCE AGENCY,
AS CONSERVATOR FOR THE FEDERAL
NATIONAL MORTGAGE ASSOCIATION
AND THE FEDERAL HOME LOAN
MORTGAGE CORPORATION,

                Plaintiff,

-against-

THE ROYAL BANK OF SCOTLAND
GROUP PLC; RBS HOLDINGS USA INC.;
RBS SECURITIES INC. (f/k/a GREENWICH
CAPITAL MARKETS, INC.); RBS
FINANCIAL PRODUCTS INC. (f/k/a
GREENWICH CAPITAL FINANCIAL
PRODUCTS, INC.); RBS ACCEPTANCE
INC. (f/k/a GREENWICH CAPITAL
ACCEPTANCE, INC.); FINANCIAL ASSET
SECURITIES CORP.; JOSEPH N. WALSH
III; CAROL P. MATHIS; ROBERT J.
MCGINNIS; JOHN C. ANDERSON; and
JAMES M. ESPOSITO,

                Defendants.

Case No. 3:11-cv-01383-AWT

March 11, 2015

# DEFENDANTS' MOTION FOR LEAVE
# TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY

WIGGIN AND DANA LLP
20 Church Street
Hartford, CT 06103
Telephone: (860) 297-3700
Facsimile: (860) 525-9380

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

i

Defendants (collectively "RBS") respectfully move for leave to file this Notice of Supplemental Authority regarding a recent decision by the Tenth Circuit in *NCUA Bd. v. Barclays Capital Inc.*, No. 13-3183, 2014 WL 876526 (10th Cir. Mar. 3, 2015) ("*Barclays*"). (Ex. A). *Barclays* concerned the enforceability of a tolling agreement under the NCUA extender statute. The *Barclays* court purported to abide by a prior Tenth Circuit panel's decision, as it was bound to do, in *NCUA Bd. v. Nomura Home Equity Loan, Inc.*, 764 F.3d 1199 (10th Cir. 2014) ("*Nomura II*"). *Nomura II*, relied upon extensively by FHFA, held that this extender statute supplanted statutes of repose. The *Barclays* court's reasoning, however, is sharply at odds with the reasoning in *Nomura II*, and stands as additional support for RBS's Motion for Summary Judgment on the Statutes of Repose (Dkt. No. 420).

In *Nomura II*, a panel of the Tenth Circuit found that the Supreme Court's decision in *CTS Corp. v Waldburger*, 134 S. Ct. 2175 (2014) did not affect its prior holding that the NCUA extender statute "invokes the concept of repose" and therefore displaces all preexisting statutes of repose. *Nomura II*, 764 F.3d at 1211. In *Barclays*, a subsequent Tenth Circuit panel applied *Waldburger* to find that the same extender statute—in all material respects identical to the FHFA extender statute at issue here—"is a statute of limitations, not a statute of repose." *Barclays*, 2014 WL 876526, at *5. The Tenth Circuit in *Barclays* observed that statutes of limitations govern how long a claimant has to bring an action after it has accrued, while statutes of repose operate as an absolute bar on a defendant's liability after a fixed period of time after a defendant has acted, even if that is before the claim has accrued. *See id.* (citing *Waldburger*, 134 S. Ct. at 2187-88). The court then found, consistent with *Waldburger*, that the text of the extender statute contains all of the hallmarks of a statute of limitations. First, and "important[ly]," the NCUA extender statute "refers to 'statute of limitations' several times while never mentioning the term

'repose.'" *Id.* at *6. Second, the NCUA extender statute "repeatedly refers to the date a claim accrues," which is "consistent with a statute of limitations but not a statute of repose," and which the court found to be "dispositive[]." *Id.* Third, "the limitations period in the Extender Statute is not tied to a fixed statutory cutoff date . . . independent of any variable . . . as is characteristic of a statute of repose." *Id.* (internal citation omitted). Fourth, "Congress [has] demonstrated that it knew how to draft a statute of repose when that is what it intended" but clearly did not do so in the NCUA extender statute. *Id.* This same reasoning shows why the FHFA extender statute should not be read to displace the statutes of repose applicable to FHFA's claims.

While the *Barclays* court was bound by the prior panel's decision in *Nomura II*, the reasoning in *Barclays* further demonstrates the unsoundness of *Nomura II* based on the plain reading of the extender statute and faithful application of the Supreme Court's decision in *Waldburger*.

Dated: March 11, 2015
Hartford, Connecticut

Respectfully submitted,

  /s/ Timothy A. Diemand  
Timothy A. Diemand (ct18075)
WIGGIN AND DANA LLP
20 Church Street
Hartford, CT 06103
Telephone: (860) 297-3700
Facsimile: (860) 525-9380
tdiemand@wiggin.com

Thomas C. Rice (*pro hac vice*)
David J. Woll (*pro hac vice*)
Andrew T. Frankel (*pro hac vice*)
Alan Turner (*pro hac vice*)
Craig S. Waldman (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue

2

New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
trice@stblaw.com
dwoll@stblaw.com
afrankel@stblaw.com
aturner@stblaw.com
cwaldman@stblaw.com

*Attorneys for Defendants*

3

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 11, 2015, a copy of the foregoing Defendants' Motion to Leave to File Notice of Supplemental Authority was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                                             */s/ Timothy A. Diemand*
                                                          Timothy A. Diemand (ct18075)
                                                          WIGGIN AND DANA LLP
                                                          20 Church Street
                                                          Hartford, CT 06103
                                                          Telephone: (860) 297-3700
                                                          Facsimile: (860) 525-9380
                                                          tdiemand@wiggin.com